IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL SERBER, MICHELLE SERBER on their behalf and on behalf of their minor daughter, SABRINA SERBER<br><br>Plaintiffs<br><br>vs.<br><br>TROPICAL TRAIL RIDES, INC., CRAIG BARKER and MICHELLE BARKER d/b/a TROPICAL TRAIL RIDES, MARTIN DOMANSKY, HILTON INTERNATIONAL OF PUERTO RICO, INC., JOHN DOE, CORPORATION XYZ and INSURANCE COMPANY ABC<br><br>Defendants | Civil No.: |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

NOW COME, Plaintiffs, Daniel Serber, Michelle Serber and Sabrina Serber, (hereinafter referred to as "Plaintiffs"), through the undersigned attorneys, and respectfully state and pray as follows:

**JURISDICTION AND VENUE OF THE COURT**

1.  The events, actions or omissions giving rise to the claims set forth in this action all occurred within the District of Puerto Rico in the Commonwealth of Puerto Rico.

2.  Federal jurisdiction in this case is attained under diversity pursuant to section 1332 of Title 28 of the United States Code. Venue is appropriate in this judicial district pursuant to section 1391(b) of Title 28 of the United States Code.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 and is between citizens of different States and/or citizens of a State and/or subjects of a foreign state.

**PARTIES**

4. Plaintiff, SABRINA SERBER, is a resident of Florida and is a minor.

5. Plaintiff, DANIEL SERBER is a resident of Florida and is the legal and natural father of SABRINA SERBER.

6. Plaintiff, MICHELLE SERBER, is a resident of Florida and is the legal and natural mother of SABRINA SERBER.

7. Defendant, MARTIN DOMANSKY, is and was at all material times a resident of New York state in the United States of America and is otherwise subject to the jurisdiction of this Court.

8. The Defendant, HILTON INTERNATIONAL OF PUERTO RICO, INC., (hereinafter refer to as "HILTON"), is upon information and belief a corporation organized under the laws of Puerto Rico, with full personality for its purposes and was at all material times doing business in San Juan, Puerto Rico and is otherwise subject to the jurisdiction of this Court.

9. Defendant, TROPICAL TRAIL RIDES, is upon information and belief a corporation organized under the laws of Puerto Rico, with full personality for its purposes and a legal existence distinct from that of its members forming it, pursuant to section 1291, et seq, of Title 31 of the Annotated Laws of Puerto Rico.

10. Defendants CRAIG and MICHELLE BAKER are natural persons residents of Puerto Rico doing business as TROPICAL TRAIL RIDES. They are the owners and operators of TROPICAL TRAIL RIDES.

11. Defendant JOHN DOE is a natural person citizen and resident of Puerto Rico or a state other than Florida whose identity is presently unknown which by its negligence caused or contributed to the damages claimed herein.

12. Corporation XYZ is a corporation whose identity is presently unknown which by its negligence caused or contributed to the damages claimed herein.

13. Insurance Company ABC is a corporation whose identity is presently unknown that insured the aforementioned unknown defendants and is jointly responsible with their respective insured for the damages claimed herein pursuant to section 2003 of Title 26 of the Annotated Laws of Puerto Rico.

14. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## GENERAL FACTS AND OCURRENCES

15. On or about December 28, 2011, MARTIN DOMANSKY, DANIEL SERBER, MICHELLE SERBER and SABRINA SERBER, were all vacationing in San Juan, Puerto Rico and were staying as guests at Defendant, HILTON.

16. Defendant, TROPICAL TRAIL RIDES, maintained a manned kiosk or desk in the lobby of the Defendant, HILTON, and, based upon information and belief, either paid rent to the Defendant, HILTON, or shared a portion of its bookings with the Defendant, HILTON.

17. Defendant, MARTIN DOMANSKY, noticed Defendant, TROPICAL TRAIL RIDES', kiosk and inquired about an all-terrain vehicle tour for his entire extended family, but was advised that their party was too many and that Defendant, TROPICAL TRAIL RIDES, was unable to accommodate their entire party in one outing.

18. Defendant, MARTIN DOMANSKY, advised the management at Defendant, HILTON, of his desire to take his family on an ATV tour and further advised the management of Defendant, HILTON, of TROPICAL TRAIL RIDES'S refusal to accommodate his party.

19. Based upon information and belief, Defendant, HILTON'S representative then intervened on Defendant, MARTIN DOMANSKY'S behalf with Defendant, TROPICAL TRAIL RIDES and shortly thereafter advised Defendant, MARTIN DOMANSKY that Defendant, TROPICAL TRAIL RIDES was now able to accommodate Defendant, MARTIN DOMANSKY'S party.

20. Defendant, MARTIN DOMANSKY then booked the tour and his entire extended family, including all plaintiffs, then boarded a bus provided by either the Defendant, HILTON, or Defendant, TROPICAL TRAIL RIDES, and traveled approximately two hours to the site of Defendant, TROPICAL TRAIL RIDES'S tour in or near the Municipality of Isabela.

21. Once at the tour, the family, including all plaintiffs, were given instructions by the Defendant, TROPICAL TRAIL RIDES'S staff. In particular they were advised that, rather than riding one person per ATV, they were going to have to ride double, with one adult or older child driving in the front and one younger child riding in the rear.

22. The ATV's manufacturer intended for these ATVs to be ridden by only one person, expressly warned against riding with two people on board and provided only one seat for the driver of the ATV.

23. Despite being fully aware of the manufacturer's prohibition against riding with more than one occupant, Defendant, TROPICAL TRAIL RIDES, had installed, or purchased the ATVs with previously installed, after-market rear cargo seats. These "seats" were and are sold to be installed on or in place of the cargo carrier of the ATVs but expressly warn against allowing any rider to ride in the seat in their marketing materials.

24. On the date in question, Defendant, MARTIN DOMANSKY decided to drive one of the ATVs and Plaintiff, SABRINA SERBER, was chosen to be his passenger.

25. As the tour began, a Defendant, TROPICAL TRAIL RIDES, staff member took the lead and instructed the drivers to follow in line behind and drive at the same speed and in the same manner as he did. Defendant, MARTIN DOMANSKY took the position directly behind the Defendant, TROPICAL TRAIL RIDES staff member with Plaintiff, SABRINA SERBER behind him and Plaintiff, DANIEL SERBER, and Plaintiff, MICHELLE SERBER, were following behind.

26. At some point in the tour the group came to a large and deep depression with uneven ground and the Defendant, TROPICAL TRAIL RIDES staff member instructed the group to drive exactly as he did and proceeded to drive as far to the outside as possible.

27. Defendant, MARTIN DOMANSKY, and Plaintiff, SABRINA SERBER, on the very next ATV, tipped as it was negotiating the depression and uneven ground and fell onto its side, trapping Plaintiff, SABRINA SERBER'S arm underneath and crushing her elbow.

28. Plaintiff, SABRINA SERBER was in tremendous and immediate pain and her mother and father, Plaintiff, MICHELLE SERBER, and Plaintiff, DANIEL SERBER, were forced to observe and endure her terror and pain.

29.     The remainder of the tour was cancelled and Plaintiff, SABRINA SERBER, was rushed to medical care at a nearby hospital.  Unfortunately, radiographic studies revealed that substantial injuries had occurred and that surgery would be necessary, thus, Plaintiff, SABRINA SERBER, was taken by air ambulance to Miami, FL in the company of her father where she was operated upon.

30.     Plaintiff, SABRINA SERBER'S injuries were and are severe, were and are permanent in nature, have caused her scarring, disfigurement, impairment, embarrassment and loss of the ability to fully enjoy life.

31.     Plaintiff, DANIEL SERBER, was a direct witness to the accident and suffered emotional distress as he was forced to watch his daughter's terror at being trapped under the ATV and her substantial pain prior to surgery and subsequent thereto throughout her recovery and physical therapy.

32.     Plaintiff, MICHELLE SERBER, was a direct witness to the accident and suffered emotional distress as she was forced to watch her daughter's terror at being trapped under the ATV and her substantial pain prior to surgery and subsequent thereto throughout her recovery and physical therapy.

<u>Count I</u>
<u>NEGLIGENCE UNDER 31 L.P.R.A. § 5141</u>
<u>AGAINST DEFENDANT, TROPICAL TRAIL RIDES, INC.</u>

33.     The Plaintiffs, SABRINA SERBER, MICHELLE SERBER and DANIEL SERBER, hereby adopt and reallege each and every allegation contained within paragraphs 1 through 32, above.

34. Defendant, TROPICAL TRAIL RIDES, was in the business of operating ATV tours for profit on off-road trails and had a duty to act reasonably with respect to the safety of its tour participants in general and to the plaintiffs in particular.

35. Defendant, TROPICAL TRAIL RIDES, knew that the ATVs it operated were designed for one occupant and one occupant only.

36. Defendant, TROPICAL TRAIL RIDES, breached its duty to the plaintiffs by doing or failing to do one or more of the following:

   a. Failing to refuse Defendant, MARTIN DOMANSKY'S party when it knew it could not accommodate the total number of participants in a safe manner;

   b. Failing to refuse Defendant, MARTIN DOMANSKY'S party when it knew it could not accommodate the total number of participants unless it violated the manufacturer's safety rules and placed two participants on each ATV;

   c. Directed the participants to ride the ATVs with one person driving and one person riding on the rear "cargo seats" despite knowing that they were not intended for passenger use and were in explicit violation of the manufacturer's safety rules;

   d. Failing to adequately instruct the drivers in the proper manner to navigate and drive the ATVs, and

   e. Failing to lead the tour in a reasonably safe area or path.

37. As a direct and proximate result of the negligence of Defendant, TROPICAL TRAIL RIDES, Plaintiff, SABRINA SERBER was permanently injured when the ATV on which she was

riding tipped over and crushed her elbow and Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER suffered damages as more specifically set forth above.

## Count II
## NEGLIGENCE UNDER 31 L.P.R.A. § 5141
## AGAINST DEFENDANTS CRAIG and MICHELLE BAKER

38. The Plaintiffs, SABRINA SERBER, MICHELLE SERBER and DANIEL SERBER, hereby adopt and reallege each and every allegation contained within paragraphs 1 through 37, above.

39. Defendants, CRAIG AND MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, were in the business of operating ATV tours for profit on off-road trails and had a duty to act reasonably with respect to the safety of its tour participants in general and to the plaintiffs in particular.

40. Defendants, CRAIG AND MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, knew that the ATVs they operated were designed for one occupant and one occupant only.

41. Defendants, CRAIG AND MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, breached their duty to the plaintiffs by doing or failing to do one or more of the following:

　　a. Failing to refuse Defendant, MARTIN DOMANSKY'S party when it knew it could not accommodate the total number of participants in a safe manner;

　　b. Failing to refuse Defendant, MARTIN DOMANSKY'S party when they knew or should have known it could not accommodate the total number of participants unless it violated the manufacturer's safety rules and placed two participants on each ATV;

　　c. Directed the participants to ride the ATVs with one person driving and one person riding on the rear "cargo seats" despite knowing that they were not

       intended for passenger use and were in explicit violation of the manufacturer's safety rules;

    d. Failing to adequately instruct the drivers in the proper manner to navigate and drive the ATVs, and

    e. Failing to lead the tour in a reasonably safe area or path.

42. As a direct and proximate result of the negligence of Defendants, CRAIG AND MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, Plaintiff, SABRINA SERBER was permanently injured when the ATV on which she was riding tipped over and crushed her elbow and Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER suffered damages as more specifically set forth above.

### Count III
### NEGLIGENCE UNDER 31 L.P.R.A. § 5141
### AGAINST DEFENDANT, HILTON

43. The Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER, hereby adopt and reallege each and every allegation contained within paragraphs 1 through 42, above.

44. Despite this knowledge, Defendant, HILTON demanded that Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, accommodate the party because of the financial relationship between Defendant, HILTON and Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES.

45. Defendant, HILTON, had a duty to act reasonably with respect to the safety of its guests.

46.     Defendant, HILTON, breached that duty when it coerced Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, into taking Defendant, MARTIN DOMANSKY'S full party, including Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER, even when it knew that it would require tandem riding in violation of the manufacturer's safety rules.

47.     As a direct and proximate result of the negligence of Defendant, HILTON, Plaintiff, SABRINA SERBER, was permanently injured when the ATV on which she was riding tipped over and crushed her elbow and Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER, suffered damages as more specifically set forth above.

### Count IV
### AGENCY OF DEFENDANT, HILTON

48.     The Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER, hereby adopt and reallege each and every allegation contained within paragraphs 1 thorough 47, above.

50.     Defendant, HILTON, was at all material times offering a hotel and guest services for profit.

51.     Defendant, HILTON, entered into a relationship with Defendant, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES where it allowed Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, to erect a permanent kiosk or desk in its lobby with displays that included a video of the services and tours operated by Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES.

52. Defendant, HILTON, profited from this arrangement as it either received rents from Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, or received a portion of the bookings made by Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, through its kiosk or desk at the hotel.

53. As a result, Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, was the agent of Defendant, HILTON, and Defendant, HILTON, is responsible for the various acts of negligence of Defendants, TROPICAL TRAIL RIDES, INC. and/or CRAIG and MICHELLE BAKER d/b/a TROPICAL TRAIL RIDES, set forth above.

54. As a direct and proximate result of the negligence of Defendant, HILTON, Plaintiff, SABRINA SERBER, was permanently injured when the ATV on which she was riding tipped over and crushed her elbow, and Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER, suffered damages as more specifically set forth above.

### Count V
### NEGLIGECE UNDER 31 L.P.R.A. § 5141
### AGAINST MARTIN DOMANSKY

55. The Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER, hereby adopt and reallege each and every allegation contained within paragraphs 1 thorough 54, above.

56. Defendant, MARTIN DOMANSKY, was driving the ATV on which Plaintiff, SABRINA SERBER was a passenger.

57. Defendant, MARTIN DOMANSKY had a duty to operate the ATV in a reasonably safe manner.

58. Defendant, MARTIN DOMANSKY breached that duty when he:

   a. Knowingly operated the ATV in direct violation of the manufacturer's safety rules;

   b. Failed to operate the ATV as instructed, thus resulting in the ATV tipping over, and

   c. Failed to operate the ATV in a safe and reasonable manner resulting in the ATV tipping over.

59. As a direct and proximate result of the negligence of Defendants, MARTIN DOMANSKY, Plaintiff, SABRINA SERBER, was permanently injured when the ATV on which she was riding tipped over and crushed her elbow, and Plaintiffs, SABRINA SERBER, DANIEL SERBER, and MICHELLE SERBER, suffered damages as more specifically set forth above.

## DAMAGES

60. As a direct and proximate result of the negligence of Defendants, TROPICAL TRAIL RIDES, HILTON ad MARTIN DOMANSKY, Plaintiff, SABRINA SERBER, was permanently injured when the ATV on which she was riding tipped over and crushed her elbow.

61. Plaintiff, SABRINA SERBER physical and emotional damages are valued in a sum of no less than $2,000,000.00.

62. The medical care required by Plaintiff, SABRINA SERBER has caused her parents, Plaintiffs, DANIEL and MICHELLE SERBER to incur in substantial medical expenses, which are estimated in no less than $75,000.00.

63. Plaintiff, DANIEL SERBER, was a direct witness to the accident and suffered emotional distress as he was forced to watch his daughter's terror at being trapped under the ATV and her substantial pain prior to surgery and subsequent thereto throughout her recovery and physical therapy. His emotional damages are valued in a sum of no less than $150,000.00.

64. Plaintiff, MICHELLE SERBER, was a direct witness to the accident and suffered emotional distress as she was forced to watch his daughter's terror at being trapped under the ATV and her substantial pain prior to surgery and subsequent thereto throughout her recovery and physical therapy. Her emotional damages are valued in a sum of no less than $150,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that the Honorable Court enter a judgment against defendants:

1. Declaring defendants to be in violation of section 5141 of Title 31 of the Annotated Laws of Puerto Rico as alleged;

2. Declaring that under section 2003 of Title 26 of the Annotated Laws of Puerto Rico Plaintiff have a right to reclaim directly against defendants insurance companies once their identities are know;

3. Finding defendants jointly and severally liable to Plaintiffs for the economic and non-economic damages sustained by Plaintiffs in an amount of no less than $2,375,000.00 plus applicable interest, costs and attorneys fees;

4. Awarding plaintiffs such other and further relief at law or in equity as the Honorable Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues triable in the complaint set forth above.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of December, 2012.

s/ Antonio Bayón-Casiano

**ANTONIO BAYÓN-CASIANO**
USDC-PR-No. 221310
Co-Counsel for Plaintiff
22 San Ignacio Avenue
Cond. Plaza del Palmar Apt. 701
Guaynabo, P.R. 00969
Tel. (787)-675-2725
Fax  1-866-620-4245
Email: antonio.bayon@gmail.com

**WHITFIELD BRYSON & MASON, LLP**
Co-counsels for Plaintiffs
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305) 441-0440
Facsimile: (305)441-0198